This time we'll hear Ayala v. U.S. Postal Service. Good morning. We'll start in a moment once everybody has their seats. Good morning. Please go right ahead. Good morning. My name is Miledy Sayala. Proceed in this court. I am here because I appeared to the judgment decision and I presented a charge of decrimination complaint about the Postal Service on account of decrimination and retaliation. For conduct that led me to believe that they were decriminating and retaliating against me, against the law. I want to point out regarding to the defendant . . . So just tell us what you think we need to know in order for you to prevail. Yes. My claim is against . . . it's about an event that was occurring since 2009. It started in January and ended in June of 2009 when the defendant discharged me without just cause and due process. Due process that I believe that I am entitled to by the employer United Postal Service and the National Association of Letter Carriers as federal employees and member of the union. The . . . I . . . the union . . . after I was . . . after I . . . which I . . . which I . . . I was not agree with that and the union filed a grievance about that, but the union and the Postal Service entered an agreement that I didn't . . . I didn't agree with it. I was not present. I was . . . I did not participate. In January . . . June 5, 2009, I was . . . I was terminated. The . . . the employees say that I . . . I was terminated because of lack of mail and I believe it was because it was in retaliation. I . . . those activity led me to initiate a contact with EEO and due to the result of EEO, I was . . . I was transferred to the Bronx, Baychester Station, and those patterns of conduct continue identically as the one that I . . . that led me to initiate the EEO activity. It . . . it's . . . with the exception that because of those activity and I was not reinstated, EEO offered me . . . EEO counselor offered me a . . . offered me a . . . a rehire instead of reinstatement. So, it was not . . . so, I feel that the problem was not resolved. You mean to be rehired at the bottom rather than to be reinstated . . . Instead of being reinstated to the station that I was working, I was rehired. I see. Okay. I did not agree, but I had no choice but to take the job. It was my job. Do you have that job now? No. It . . . and . . . and there was many . . . I mean, it was the . . . the . . . the same . . . the same activity, the same conduct was carried out in the same identical way that led me to initiate the EEO contact. They said that because of that, I was . . . there was some time when I was a little physical . . . physical . . . physical disability. And . . . and I was . . . and I was . . . one time I was . . . . . . and I was denied . . . I was denied . . . I was denied accommodation. And the . . . and the supervisor was . . . because they continued the same conduct. They . . . they . . . I request them to . . . to accommodate the time in order for me to . . . to continue . . . to continue my . . . my . . . You needed that accommodation and they said no. They say no. Okay. We . . . we have it. Thank you very much. Now we're going to hear the other side. Just take a seat right there. Thank you. You can take . . . yeah. You can sit right up here. You can hear better. Good morning. Good morning. May it please the court, my name is Talia Kramer. I'm an assistant United States attorney from the Southern District of New York and I'm here on behalf of the U.S. Postal Service and Postmaster General Brennan. Ms. Ayala filed her discrimination complaint in federal district court after the limitations period for doing so had expired. One day. Yes. She's filed one day outside the 90-day period. She was in court ready to file it the day before. I mean, that's just what she says. But she says that there was a defect. Do we know what the defect was? We don't. She alleged in her opposition papers below that she came to the court. Her documents were incorrect. Did she attempt to file it and the court refused to accept it? She has not alleged that. She has alleged that she came to the court. Her documents were incorrect. But how would she know that? It must have . . . it could be that the court said these are not . . . there's a defect. It could be that the court said that, but she has not alleged that the court told her that the documents were incorrect. More than that, the cases in which . . . It's not a matter of saying it's incorrect. It's a matter of not accepting it for filing it. She has not alleged that the court refused to accept the documents for filing. It may be that someone pointed out that there was an error in the document without refusing to accept them for filing. In the cases in which courts have found that tolling is warranted because of a communication between a plaintiff who is attempting to file a document and the court, the court has either refused to accept the documents along the lines of what Your Honor was just describing, or the court has affirmatively given the plaintiff misinformation to lead that person to believe that they would be permitted to file outside of the filing period. And Ms. Ayala has not alleged that either of those two things happened here, either that the court refused to accept her documents, or that the court affirmatively told her that she had more time to file than she did. The answer is we don't know anything one way or the other, though. We don't know more than the limited amount that she alleged in her opposition papers. Please go on. Because Ms. Ayala has not alleged adequate grounds for tolling, she raised certain explanations in the district court. For example, she explained that she visited the court the day before she actually filed her papers, as we've just discussed, but that her documents were incorrect, so she came back the next day. In her written submissions on appeal, Ms. Ayala did not renew any of her explanations for tolling, and so she has abandoned, or the court could decide that she has abandoned, her equitable tolling arguments on appeal. I'm happy to answer any other questions from the court, but otherwise we will rest on our papers. Thank you. Good morning, Your Honors. Peter DeChiara from the law firm of Cohen, Weiss, and Simon, LLP. We represent the defendant, Apolli, National Association of Letter Carriers, AFL-CIO. Your Honors, I will rest on my brief unless the court has any questions regarding the claims against my client. Thank you. Thank you. Thank you all. We will reserve decision. That means we'll send out a result in due course, and everyone will get a copy. That's the last case on calendar. Please adjourn court.